## TYRREL *vs.* THE OVERSEERS OF THE POOR OF THE TOWN- SHIP OF WOODBRIDGE.

1. It is no objection to an order of filiation and maintenance, that it is made against the father of the bastard alone. The order may be against both or either of the parents.

2. An order for the payment of costs by the parent is unauthorized and erroneous.

3. The existence of an order of maintenance cannot be shown by parol.

4. If there be conflicting evidence upon the question whether the previous examination of a witness was reduced to writing, and signed by the magistrate, the exclusion of parol testimony of the contents of such examination would constitute no error. It is the province of the court to decide upon which side the conflicting evidence preponderates.

5. But, if the court admit parol evidence of what the witness testified on a former occasion, the adverse party is entitled to show by parol that conflicting statements were made by the witness.

*Certiorari* to the Court of General Quarter Sessions of the Peace of the County of Middlesex, to remove an order of filiation and maintenance.

The case was argued before the CHIEF JUSTICE.

*A. V. Schenck,* for the plaintiff in *certiorari.*

*Blauvelt,* for the defendants.

The CHIEF JUSTICE. The first objection to the original order of filiation and maintenance is, that the father alone is charged with the maintenance of the child, and that there is no order upon the mother. The uniform construction given to the act is, that the order *may* be against both the father and the mother, and such is the usual form of the order. *Elmer's Forms* 50; *Ewing's Just.* 168. But there is clearly no necessity for including both the father and the mother in the order. The act, in express terms, authorizes the justices, in their discretion, to

charge either the mother or the reputed father with the maintenance of the child. *Nixon's Dig.* 58, § 1. Nor can the order be deemed unreasonable, on the ground that it does not include both the parents, because they are *in pari delicto.* The design of the order is not the punishment of the parents, but the "better relief of the township." It rests in the sound discretion of the magistrates whether that end shall be accomplished by including only one or both of the parents in the order.

The second objection against the order is, that costs are ordered to be paid by the reputed father. This is unauthorized by law, and erroneous. But the error was corrected by the Quarter Sessions on appeal : and the order made by that court is not liable to this objection. If, therefore, the order of the sessions, in other respects, be valid, this objection constitutes no ground for reversal.

It is objected to the validity of the order made by the sessions, that the court, on the hearing of the appeal, overruled competent evidence.

The mother of the child had been examined in the presence of two magistrates, both before and after her delivery. On the trial of the appeal, she was called as a witness by the overseer of the poor. On her cross-examination by the counsel of the appellant, she was asked the following questions, which were overruled by the court: Was there an order of filiation and maintenance made at the time (of the first examination) ? Did you say, at the time of that examination, that you were not engaged to be married to the appellant at the time of your first connection with him ? Did you, at that time, say that you did not know whether William Tyrrel, the appellant, at the time he left off visiting you, knew of your being in the family way or not ?

It was clearly incompetent to establish the existence of an order of maintenance by the parol testimony of the witness. If, as was suggested upon the argument, the only object of the inquiry was to fix the date of the ex-

amination, the evidence should be shown to be material, or it should appear that the exclusion of the testimony might in some way have operated to the prejudice of the appellant. So far as appears from the case, the answer, if given, would have been, in the aspect in which it is now presented as being competent, totally immaterial.

The questions in regard to the facts sworn to by the witness, on her first examination, were also incompetent. She had previously sworn that the examination had been reduced to writing, and signed by her. The facts inquired into were, in themselves, immaterial and irrelevant to the issue. The questions were admissible only as tending to impeach the credit of the witness, by showing that her statements in regard to some of the circumstances of the transaction were in conflict with previous statements made by her. The best evidence of her previous statement was the written examination signed by the witness. The contents of every written paper are to be proved by the paper itself, and by that alone, if it be in existence. 2 *Phil. & Amos* 930; *Greenl. on Ev.* 463.

The statement of the witness, that her examination was in writing, and signed by her, being uncontradicted, and there being at this stage of the cause no proof of its loss, or of any effort to procure it, the court did not err in overruling the testimony thus offered. The fact that the counsel of the appellant was permitted to ask, and the witness to answer other questions touching the statements of the witness, upon her first examination, cannot affect the competency of the testimony objected to and over-ruled.

At a subsequent stage of the trial, evidence was offered to show that neither the first nor the second examination of the mother of the child was signed by her; also to show that efforts had been made by the applicant to procure the said examinations from the magistrates before whom they were taken. But it does not appear, from the case, that after such testimony had been exhibited, the

appellant renewed his offer to prove, by parol, what had been stated upon such examinations. Had the court simply excluded all parol testimony of the contents of the examinations, on the ground that, being written and signed by the examinant, they were the best evidence of what was said upon the examination, there would have been no ground of error in the decision. It might fairly be sustained on the ground that the evidence warranted the court in believing that the examinations were in writing, and that their non-production was not satisfactorily accounted for.

But it appears, by the case, that although the evidence in regard to the character of both examinations was substantially the same, the court admitted the appellant to cross-examine the mother of the child in regard to her statements made upon the second examination. The respondent was also permitted to offer evidence in support of the statement of the mother. But all the evidence offered by the appellant to contradict her evidence, and to show that on the second examination she had made conflicting statements, was overruled by the court. In this the court clearly erred. If the admission of the evidence on the part of the respondent, though objected to by the appellant, was lawful, the overruling of rebutting testimony on the part of the appellant was unlawful.

There was also error in refusing to permit the respondent to prove that he had applied to the magistrates without success, for the examinations. The evidence, in itself, was lawful, and the respondent himself a competent witness to prove the fact proposed to be shown.

On these grounds, the order of the sessions was illegally made, and must be set aside. Let the order be set aside, and the record remitted to the sessions, that the cause may be proceeded in according to law.

CITED in *State v. Overseers of South Amboy*, 3 *Vr.* 278, 283.